# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE RODRIGUEZ-MELENDEZ,<br><br>                Plaintiff,<br><br>v.<br><br>DAUPHIN COUNTY DRUG TASK FORCE, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 1:14-CV-00012<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

Pending before the Court is *pro se* Plaintiff Eddie Rodriguez-Melendez's amended complaint. (Doc. 22). In his amended complaint, Melendez seeks damages under 42 U.S.C. §1983 against the Dauphin County Office of the Attorney General, the Dauphin County Drug Task Force, Agent Eric C. Shufflebottom of the D.E.A., and John Doe defendants for violating his Fourth Amendment rights to be free from illegal search and seizure. (Doc. 22).

### I.  BACKGROUND

On January 7, 2014 Plaintiff Eddie Rodrigues-Melendez, proceeding *pro se*, filed the instant civil rights action (Doc.1), along with a motion to proceed *in forma pauperis* (Doc.2), which was granted by this Court on January 10, 2014. (Doc. 7).On August 5, 2014, this Court granted Melendez leave to amend his complaint to include the above-named Defendants who he claims illegally towed his vehicle and searched his home without a proper search warrant in violation of the Fourth Amendment. (Doc. 22). The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C § 1915(e)(2) to screen the amended complaint and dismiss it if it fails to state a claim upon which relief can be granted.

## II. SECTION 1915A STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.§ 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the compliant by reference, and matters of which a court may take judicial notice." *Tellabs,*

*Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed pro se is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. DISCUSSION

Melendez has brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

### A. CLAIM AGAINST DAUPHIN COUNTY OFFICE OF THE ATTORNEY GENERAL

At the outset, this Court notes that the "Dauphin County Office of the Attorney General" is an improperly named defendant. Thus, for purposes of screening, this Court liberally construes the amended complaint to include claims against the Pennsylvania Office of

3

the Attorney General.[1] "On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). State agencies are not "persons" within the meaning of § 1983 because a § 1983 suit against a state official's office is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977). As such, "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). The Pennsylvania Attorney General's Office is a state agency and thus is not a person within the meaning of § 1983. *Wattie-Bey v. Attorney General's Office*, 424 Fed. Appx. 95, 98-99 (3d Cir. 2011); *Gagliardi v. Fisher*, 513 F. Supp. 2d 457, 492 (W.D. Pa. 2007). As such, to the extent Melendez has sought to assert claims against the Pennsylvania Attorney General's Office, it is recommended that the Pennsylvania Attorney General's Office be dismissed with prejudice from this action.

    B. CLAIM AGAINST DAUPHIN COUNTY DRUG TASK FORCE

At the outset, this Court takes judicial notice of the official Dauphin County

---

[1] The analysis would remain the same if Melendez intended to assert claims against the United States Attorney General's Office. Moreover, if Melendez intended to assert claims against the Dauphin County District Attorney's Office, rather than the Pennsylvania Attorney General's Office, that named Defendant is subject to dismissal as well. Specifically, "[m]unicipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments." *Boreland v. Butterfly*, No. CIV. A. 92-0458, 1992 WL 20205, at *1 (E.D. Pa. Jan. 30, 1992) (citing *Monell v. Dept. of Social Serv.s*, 436 U.S. 658 (1978)). Melendez has not pled any facts with respect to this entity's policies, practices or procedures. Thus, assuming Melendez intended to add the Dauphin County District Attorney's Office as a defendant, that defendant would be subject to dismissal for failure to state a claim.

Government website, which describes the Dauphin County Drug Task Force as a law enforcement initiative coordinated by the Criminal Investigation Division of Dauphin County, an affiliate of the District Attorney's Office.[2] As such, this Court assumes for purposes of this analysis that the Dauphin County Drug Task Force is "local government body." *See Peterson v. City of Uniontown*, 411 Fed.Appx. 62, 62 n.1 (3d Cir. 2011) (assuming *arguendo* that the Fayette County Drug Task Force is "a government entity, like a City, subject to suit"). A plaintiff seeking to impose liability on a municipality or other local government bodies under § 1983 must identify a municipal policy or custom that deprived Plaintiff of a constitutionally protected right. Specifically, "[a] plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). "[A] municipality cannot be held liable solely because it employs a tortfeasor ... [or] on a respondeat superior theory." *Monell*, 436 U.S. at 691.

Here, Melendez's claims against Defendant Dauphin County Drug Task Force must be dismissed for failure to state a claim. Melendez has alleged that "members of the Dauphin County Drug Task Force tow[ed] an Infinity, silver in color[,] registered to Eddie Rodriguez-Melendez" without a warrant. (Doc. 22). However, nowhere in Melendez's amended complaint does he "specify the particular unconstitutional policy or custom at issue." *Id.* (citing *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir.2009)). "His argument [i]s based, even assuming the truth of his allegations, on an inactionable theory of vicarious liability or

---

[2] http://www.dauphincounty.org/government/Criminal-Justice/Pages/Criminal-Investigation-Division.aspx

respondeat superior." *Id.* Accordingly, this Court recommends dismissal with prejudice as to the claims against the Dauphin City Drug Task Force.

### C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, Melendez has already been granted an opportunity to amend the complaint to state a viable cause of action. Even after amendment, Melendez's claims against the above named Defendants lack merit. Dismissal without further leave to amend is recommended, as allowing Melendez leave to amend his pleadings for a second time would be futile.

### IV. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants Dauphin County Drug Task Force and the Pennsylvania Attorney General's Office (Doc. 22) be **DISMISSED** from this action for failure to state a claim;

2. The Clerk's office be directed to remove and dismiss Defendant Drug Task Force of the Harrisburg Police Department from the caption and action pursuant to the Court Order (Doc. 20) dated September 22, 2014;

3. Plaintiff be directed to provide the Court with an address at which Defendant Eric C. Shufflebottom be served with a copy of the amended complaint; and

4. This matter be remanded to the undersigned for further proceedings.

                                                        **BY THE COURT:**

Dated: December 2, 2014                          *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE RODRIGUEZ-MELENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DAUPHIN COUNTY DRUG TASK FORCE, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 114-CV-00012<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 2, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 2, 2014                                         *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States Magistrate Judge**