IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDIE RODRIGUEZ MELENDEZ, | : | No. 1:14-cv-00012 |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| DRUG TASK FORCE OF THE | : | |
| HARRISBURG POLICE | : | |
| DEPARTMENT, et al., | : | (Magistrate Judge Mehalchick) |
|     Defendants | : | |

**MEMORANDUM**

Before the Court are Plaintiff's objections (Doc. No. 27) to Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 25). For the reasons that follow, the Court will overrule Plaintiff's objections and leave intact its order of January 5, 2015, adopting the Report and Recommendation in full.

**I.   BACKGROUND**

Plaintiff Eddie Rodriguez-Melendez, an inmate at the Adams County Adult Correctional Complex, initiated the above-captioned action under 42 U.S.C. § 1983 on January 7, 2014. (Doc. No. 1.) Plaintiff alleges that Defendants violated his civil rights when they searched his home without a warrant and confiscated his motor vehicle. (Id. at 2-3.) Plaintiff amended his complaint on October 6, 2014, and he named as defendants the "Dauphin County Office of the Attorney General," the "Dauphin County Drug Task Force," Drug Enforcement Agent Eric Shufflebottom, and an unspecified number of "John Doe defendants who participated in this search and seizure." (Doc. No. 22 at 1.) Magistrate Judge Mehalchick, exercising her obligation under 28 U.S.C. § 1915, recommended the dismissal with prejudice of Plaintiff's claims against the Dauphin Country Drug Task Force and the Pennsylvania Attorney General. (Doc. No. 25 at

6.)  More than a month later on January 5, 2015, and without objection from Plaintiff, the Court adopted Magistrate Judge Mehalchick's Report and Recommendation and dismissed part of Plaintiff's complaint with prejudice.  (Doc. No. 26.)  The Court received Plaintiff's objections on January 13, 2015, and on January 26, 2015, indicated that it would consider Plaintiff's objections and re-examine its prior order.[1]  (Doc. Nos. 27, 29.)

**II.    DISCUSSION**

The Court first observes that several parts of Plaintiff's objections misconstrue Magistrate Judge Mehalchick's recommendations.  A number of times throughout his filing, Plaintiff insists that his car was seized and that his house was searched without a warrant.  (See e.g., Doc. No. 27 at 2) ("These are obviously not events the Plaintiff has made up.")  However, Magistrate Judge Mehalchick's Report and Recommendation is not addressed to the veracity of his pleading, but instead to the capacity of the named parties to be sued.  (See Doc. No. 25 at 2-6.)  Even assuming that Plaintiff can prove that the warrantless search and seizure did occur, he may still not be able to recover monetary damages from entities that are immune from suit by law.

### A.    Claim against the Pennsylvania Office of the Attorney General

Magistrate Judge Mehalchick first addressed Plaintiff's claims against the "Dauphin

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

County Office of the Attorney General." (Doc. No. 25 at 3-4.) After determining that Plaintiff intended to name the Pennsylvania Office of the Attorney General, Magistrate Judge Mehalchick determined that the Office of the Attorney General is not a "person" within the meaning of Section 1983. (Id. at 3.) In addition, Magistrate Judge Mehalchick observed that Pennsylvania and its agencies enjoy immunity under the Eleventh Amendment. (Id. at 4.) Consequently, Magistrate Judge Mehalchick recommended dismissing Plaintiff's claim against the Pennsylvania Attorney General's Office with prejudice. (Id. at 6.) Plaintiff objects to Magistrate Judge Mehalchick's recommendation arguing that his claim against that office should not be dismissed, because some of the John Doe defendants he included are meant to be employees of the Attorney General's Office, and that without the benefit of discovery, he will not be able to identify them. (Id. at 3.)

The Court agrees with Magistrate Judge Mehalchick and will not upset her order dismissing Plaintiff's claims against the Pennsylvania Office of the Attorney General with prejudice. It is beyond doubt that the Pennsylvania Office of the Attorney General is not a "person" within the meaning of Section 1983, so it cannot be sued under that statute. Wattie-Bey v. Attorney Gen. Office, 424 F. App'x 95, 97-98 (3d Cir. 2011) (citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996)). There is also no question that Pennsylvania and its agencies generally enjoy Eleventh Amendment immunity from actions seeking money damages. Welch v. Texas Dept. of Highways and Public Transp., 483 U.S. 468, 480 (1987). Magistrate Judge Mehalchick recommended that the Court dismiss Plaintiff's claims against the Office of the Attorney General and not Plaintiff's claims against the John Doe defendants who work there. (See Doc. No. 25 at 6.) The Court observes, however, that the

Eleventh Amendment also protects state officials sued in their official capacities, <u>Will v. Mich. Dept. of State Police</u>, 491 U.S. 58, 71 (1989), and that Plaintiff's amended complaint contains only a vague and alternative assertion that employees of the Attorney General's Office were involved in the search and seizure at all (Doc. No. 22 at 2). While Plaintiff will not be barred from seeking discovery to ascertain the identities of his John Doe defendants, greater specificity will be required of Plaintiff as the litigation progresses. Accordingly, the Court will not disturb its order of January 5, 2015, adopting Magistrate Judge Mehalchick's Report and Recommendation and dismissing Plaintiff's claims against the Pennsylvania Office of the Attorney General with prejudice.

      **B.**      **Claim against the Dauphin County Drug Task Force**

Magistrate Judge Mehalchick next turned to Plaintiff's claim against the Dauphin County Drug Task Force. (Doc. No. 25 at 4-5.) Construing the claim as a Section 1983 claim against a "local government body," Magistrate Judge Mehalchick recommended that the Court dismiss this claim with prejudice because Plaintiff did not plead the existence of a custom or policy that deprived Plaintiff of a constitutionally protected right. (<u>Id.</u>) According to Magistrate Judge Mehalchick, "[h]is argument is based, even assuming the truth of his allegations, on an inactionable theory of vicarious liability or respondead superior." (<u>Id.</u> at 5-6) (quoting <u>McTernan v. City of York</u>, 564 F.3d 636, 658 (3d Cir. 2009)). Plaintiff has already been granted the opportunity to amend his complaint, and because his amended complaint fails to state a claim on this count, Magistrate Judge Mehalchick determined that allowing Plaintiff another opportunity to amend would be futile. (<u>Id.</u> at 6.) Plaintiff objects to this finding, recounting again that the search and seizure violated his rights and repeating that dismissal of the municipal

agency would prevent him from identifying John Doe defendants employed by the city. (Doc. No. 27 at 3.)

Again, the Court agrees with Magistrate Judge Mehalchick and will not disturb its order dismissing Plaintiff's claims against the Dauphin County Drug Task Force with prejudice. While Section 1983 allows plaintiffs to recover monetary damages against municipal agencies in some circumstances, there is no vicarious liability in this context at all. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690-93 (1978). Accordingly, a plaintiff must plead the existence of a custom or policy, adopted or endorsed by municipal decisionmakers, that was the moving force behind the constitutional violation. Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 408 (1997). Plaintiff's amended complaint makes no attempt to plead a custom or policy of any kind on the part of the Dauphin County Drug Task Force, nor do his objections address any custom or policy. Instead, Plaintiff bases his claims on his case only. Further, Magistrate Judge Mehalchick recommended dismissal of Plaintiff's claims against the task force itself, not his claims against John Doe defendants that may be in the task force's employ. Accordingly, the Court will not disturb its order of January 5, 2015, adopting Magistrate Judge Mehalchick's Report and Recommendation and dismissing Plaintiff's claims against the Dauphin County Drug Task Force.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's objections will be overruled, and the Court's dismissal in part of Plaintiff's complaint will remain intact. An order consistent with this memorandum follows.