## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EDDIE RODRIGUEZ-MELENDEZ,

                  Plaintiff,

      v.

DAUPHIN COUNTY DRUG TASK
FORCE, et al.,

               Defendants.

CIVIL ACTION NO. 1:14-CV-00012

(KANE, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

*Pro se* prisoner-Plaintiff Eddie Rodriguez-Melendez initiated this civil rights action by the filing of a complaint in this matter on January 7, 2014. (Doc. 1). Melendez brings this action seeking damages for an alleged violation of his Fourth Amendment rights arising from the towing of his vehicle and search of his home. (Doc. 22). Presently before the Court is remaining named Defendant Eric C. Shufflebottom's motion to dismiss, or in the alternative, motion for summary judgment, filed on October 20, 2015. (Doc. 45). For the reasons provided herein, it is recommended that Defendant Shufflebottom's dispositive motion be granted.

### I.  BACKGROUND

On January 7, 2014, Plaintiff Eddie Rodriguez-Melendez, proceeding *pro se*, filed this above-captioned civil rights action against the "Drug Task Force of the Harrisburg Police Department" and Special Agent Eric C. Shufflebottom, seeking damages resulting from the allegedly warrantless towing of his silver Infinity and the search of his home on May 2, 2012. (Doc. 1).[1] Together with his complaint, Melendez filed a motion to proceed *in forma pauperis*

---

[1] At the time of filing this complaint, Melendez was incarcerated at the Dauphin County Prison.

(Doc. 2), which the Court granted in an Order dated January 10, 2014. (Doc. 7). In that same Order, the Court directed service of Melendez's complaint upon Defendants. (Doc. 7).

Melendez, with Defendant's written consent and with leave of Court, amended his complaint on October 6, 2014 to include the "Dauphin County Office of the Attorney General" and a number of John Does as Defendants and to correct certain names and titles of already existing Defendants. (Doc. 22, at 2).[2]  Upon conducting a screening review of the amended complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C § 1915(e)(2), the Court entered a Report and Recommendation on December 2, 2014, recommending that Defendants Dauphin County Drug Task Force and the "Dauphin County Office of the Attorney General," construed by the Court as the Pennsylvania Office of the Attorney General,  be dismissed from this action for failure to state a claim (Doc. 25), which the District Judge adopted in full on January 5, 2015. (Doc. 26).

On October 20, 2015, remaining named Defendant Eric C. Shufflebottom filed a motion to dismiss, or in the alternative, a motion for summary judgment (Doc. 45), together with a brief in support thereto. (Doc. 46). Melendez did not timely file a brief in opposition to Defendant Shufflebottom's motion to dismiss, or in the alternative, motion for summary judgment as required by Local Rule 7.6.  Therefore, by Order dated December 3, 2015, the Court reset the briefing schedule and directed Melendez to file an oppositional brief to Defendant Shufflebottom's pending dispositive motion. (Doc. 47). In that Order, Melendez was advised that failure to comply with the briefing schedule would result in the motion being

---

[2] Specifically, Melendez amended the caption of his complaint by replacing named Defendant Drug Task Force of the Harrisburg Police Department with the Dauphin County Drug Task Force Drug Task Force and by correctly identifying the Drug Enforcement Administration as the agency employing Special Agent Eric C. Shufflebottom. (Doc. 22, at 2).

deemed unopposed. (Doc. 47). Despite the Court's instructions, Melendez failed to file a brief in opposition to Defendant Shufflebottom's dispositive motion. On June 3, 2016, the Court issued an Order serving as notice to the parties of its intention to convert Defendant Shufflebottom's motion to dismiss, or in the alternative, motion for summary judgment, into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and permitted Melendez a final opportunity to file an oppositional brief and supporting documentation within fourteen (14) days of the date of the Order. (Doc. 48). Again, Melendez failed to comply with the Court's briefing deadlines. To date, no brief in opposition has been filed.  Thus, pursuant to Local Rule 7.6, Melendez is deemed not to oppose the motion to dismiss, or in the alternative, motion for summary judgment.  Accordingly, this matter is now ripe for adjudication.

## II. STANDARDS OF REVIEW

### A. MOTION TO DISMISS STANDARD

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny]*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In reviewing a motion to dismiss, a court may consider matters of public record. *See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim,

the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002).

B. SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. Anderson, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury . . . could find for the nonmoving party." *Childers v. Joseph,* 842 F.2d 689, 693-94 (3d Cir. 1988).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249.

5

Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* *477 U.S. at 249*.

### C. UNOPPOSED MOTION

Pursuant to Rule 7.6 of the Local Rules of Court for the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion. The Court of Appeals for the Third Circuit has held that dismissal of a case for failure to comply with a local rule is a "drastic sanction" which should, with few exceptions, follow a merits analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Shuey v. Schwab,* 350 F. App'x 630, 632–33 (3d Cir. 2009) (not precedential). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, a plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. V. I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is appropriate. *Anchorage Assocs.*, 922 F.2d at 175.

In the matter *sub judice*, Melendez has failed to submit any opposition to Defendant Shufflebottom's motion to dismiss or in the alternative, motion for summary judgment. Therefore, the motion will be deemed unopposed. Moreover, because Melendez has failed to file a separate statement of material facts controverting the statement filed by Defendant, all materials set forth in Defendant Shufflebottom's statement of material facts will be deemed admitted pursuant to Local Rule 56.1. Although Melendez is deemed not to have opposed this

pending dispositive motion, the Court must nevertheless satisfy itself that Defendant Shufflebottom has met his burden of production and therefore is entitled to summary judgment as a matter of law. *See Lorenzo v. Griffith,* 12 F.3d 23, 38 (3d Cir. 1993); *Anchorage Assocs.,* 922 F.2d at 174-75.

### III. DISCUSSION

In the pending motion to dismiss, or in the alternative, motion for summary judgment, Defendant Shufflebottom advocates for dismissal of Melendez's amended complaint on the basis that the amended complaint contains insufficient factual allegations to give rise to a facially plausible claim under the Fourth Amendment. (Doc. 46). In addition to challenging the veracity of Melendez's pleading, Defendant Shufflebottom alternatively invites the Court to grant summary adjudication in his favor because the evidentiary material appended to his dispositive motion establishes that he had no personal involvement in the towing of Melendez's vehicle or search of his home. (Doc. 46). In support of his motion, Defendant Shufflebottom has submitted a statement of material facts together with a sworn declaration, Melendez's arrest warrant and the search warrant for his silver Infinity. (Doc. 45-2).

The Court has distilled two claims from Melendez's amended complaint that arguably give rise to violations of his Fourth Amendment rights. The first claim concerns the towing of Melendez's silver Infinity. (Doc. 22, at 2). The second claim pertains to the search of Melendez's home without a warrant. (Doc. 22, at 2). In light of its Order dated June 3, 2016, notifying the parties of its intent to convert Defendant Shufflebottom's Rule 12(b)(6) motion into a Rule 56 motion, and upon permitting the parties a reasonable opportunity to present all material relevant to a summary judgment motion,  the Court will convert Defendant Shufflebottom's motion to dismiss, framed in the alternative as a motion for summary

judgment, into one for summary judgment, thereby enabling it to rely on the extraneous evidence submitted by Defendant Shufflebottom in adjudicating Melendez's claims. Thus, having determined the appropriate legal standard of review that guides the Court's analysis of Defendant Shufflebottom's pending motion for summary judgment, the Court addresses each of Melendez's claims in turn.

### A. TOWING OF MELENDEZ'S VEHICLE

In his *Bivens*-style[3] amended complaint, Melendez premises liability on a bare, unsupported allegation that Defendant Shufflebottom directed the towing of Melendez's silver Infinity on May 2, 2012 without first obtaining a warrant authorizing such action. (Doc. 22, at 2). Defendant Shufflebottom moves for summary adjudication in his favor on Melendez's Fourth Amendment claim, asserting that he lacks the requisite personal involvement in the towing of Melendez's vehicle to invoke liability under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 46).[4]

_____

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

[4] It bears noting that the amended complaint would not survive a motion to dismiss, as it is devoid of any factual allegations to support a violation of the Fourth Amendment arising from the tow of Melendez's vehicle. Indeed, Melendez fails to provide any non-conclusory, well-pled factual allegations of actionable misconduct attributable to Defendant Shufflebottom that would raise his entitlement to relief beyond a speculative level or allow for a reasonable inference of a cause of action to be drawn from it. *Twombly*, 550 U.S. at 555 (holding that a plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Additionally, it is well established that merely towing or impounding a vehicle does not give rise to a constitutional violation, absent any further factual enhancement. *See South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) (noting that the government's power to remove vehicles from public thoroughfares is beyond challenge); *United States v. Smith*, 522 F.3d 305, 311-13 (3d Cir. 2008) (citing *Colorado v. Bertine*, 479 U.S. 367, 375–76 (1987); *United States v. Coccia*, 446 F.3d 233, 238 (1st Cir. 2006)) (noting that impounding a vehicle is not improper so long as it is

Similar to a suit brought under 42 U.S.C. § 1983, for a *Bivens* action to lie, a plaintiff must demonstrate that each Government-official defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown v. Philip Morris, Inc.,* 250 F.3d at 789, 800 (3d Cir. 2001); *Cyrus v. Hogsten*, No. 3:06-CV-02265, 2007 WL 88745, at *3 (M.D. Pa. Jan. 9, 2007). Indeed, it is well settled in this Circuit that the personal involvement of the defendant in the alleged constitutional deprivation is a prerequisite to an award of damages under *Bivens*. Personal involvement may be shown by evidence that the defendant participated directly in the alleged constitutional violation, or knew of and acquiesced in the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (providing personal involvement standard in the context of a 42 U.S.C. § 1983 action).

Here, while Melendez asserts in his fact-deficient amended complaint that a request was made by Defendant Shufflebottom "to tow an Infinity, silver in color," and that "no warrant has ever been produced authorizing the confiscation of this vehicle" (Doc. 22, at 2), the uncontroverted evidence contained within the record reveals not only that the search of his vehicle was conducted pursuant to a facially valid warrant, but also that Defendant Shufflebottom was neither present for, nor involved in, the search or tow of Melendez's vehicle.[5] Specifically, Defendant Shufflebottom has produced as evidentiary support for his

---

not done solely for purposes of searching the vehicle for incriminating evidence pursuant to a criminal investigation and further holding that a decision to impound a vehicle contrary to a standardized procedure, or even in the absence of a standardized procedure, is not a *per se* violation of the Fourth Amendment); *see also Jackson v. City of Pittsburgh*, 688 F. Supp. 2d 379, 390 (W.D. Pa. 2010).

[5] Melendez has not filed a brief in opposition to Defendant Shufflebottom's motion, nor has he offered any evidence to support his claims. The Court is mindful that when addressing an unopposed motion for summary judgment, a plaintiff's failure to respond "is not alone a

motion his own sworn declaration, wherein he declares under penalty of perjury that he "did not request to tow or actually tow Mr. Melendez['s] [s]ilver Infinity vehicle on May 2, 2012, or at any time" (Doc. 45-2, at 6),  as well as the application for a search warrant for Melendez's silver Infinity, prepared by, and bearing the signature of, Detective Todd A. Johnson.  (Doc. 45-2).  Because the Court can discern no genuine issue of material fact sufficient to preclude an award of summary judgment based upon its review of the record evidence before it, Defendant Shufflebottom is entitled to summary judgment as a matter of law, as the proffered evidence definitively forecloses the alleged constitutional violation giving rise to this action.[6] (Doc. 45-2, at 3-11).  Accordingly, it is recommended that Defendant Shufflebottom's motion to dismiss, or in the alternative, motion for summary judgment, be granted on this Fourth Amendment claim.

   B.  Search of Melendez's Home

   In addition to Melendez's specious challenge to the allegedly improper search and seizure of his vehicle, Melendez advances a claim that Defendant Shufflebottom conducted a warrantless search of his home in violation of the Fourth Amendment.  (Doc. 22, at 2).

---

sufficient basis for the entry of a summary judgment." *Anchorage Assocs.*, 922 F.2d at 175. Rather, in the context of an unopposed summary judgment motion, the Court must still determine whether the motion for summary judgment has been properly made and supported. *Anchorage Assocs.*, 922 F.2d at 175.

   [6] *See Harper v. United States*, 3:12-CV-01292, 2014 WL 1746573, at *7-8 (M.D. Pa. Feb. 20, 2014) (granting defendants' motion for summary judgment because there was no evidence in the record that could create a material issue of fact and plaintiff produced no evidence to overcome defendants' motion for summary judgment); *Navarrete v. United States*, No. 09-3683 JBS/AMD, 2012 WL 3860817, at *4 (D.N.J. Sept. 5, 2012), *aff'd*, 532 F. App'x 121 (3d Cir. 2013) (not precedential) (holding that the Court will grant defendant's unopposed motion for summary judgment because no fact finder could reasonably conclude, based on the undisputed facts in the record, that defendant had any personal involvement in plaintiff's injuries); *Tilley v. Allegheny Cnty. Jail*, No. 09-299, 2010 WL 3522115, at *5 (W.D. Pa. Sept. 8, 2010) (ruling that summary judgment should be granted in favor of defendant on the basis of lack of personal involvement in a *Bivens* action because the plaintiff failed to adduce evidence of any such personal involvement).

Defendant Shufflebottom again moves for summary judgment on the basis that the evidentiary material appended to his dispositive motion conclusively establishes that he had no personal involvement in the search of Melendez's home. (Doc. 46).

Pursuant to the Fourth Amendment, the search of an individual's residence without a valid warrant is presumptively unreasonable. *Mincey v. Arizona*, 437 U.S. 385, 393-94 (1978) ("[W]arrants are generally required to search a person's home or his person unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively unreasonable under the Fourth Amendment."); *Payton v. New York,* 445 U.S. 573, 585 (1980) ("[P]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."). However, as a threshold requirement to an award of damages under the Fourth Amendment arising out of the warrantless search of a plaintiff's residence, the plaintiff must demonstrate that the named defendant was personally involved in the alleged misconduct. Guided by this benchmark legal standard, and in accordance with  principles embodied by Rule 56 obliging the court to ensure that an unopposed summary judgment motion is supported by record evidence sufficient to satisfy the movant's burden of production, the Court finds the grant of summary judgment in favor of Defendant Shufflebottom to be appropriate based upon its detailed examination of the documentary evidence contained within the record relevant to this instant matter—here, being Shufflebottom's uncontroverted declaration that he "did not search Mr. Melendez's home on May 2, 2012, or at any other time." (Doc. 45-2, at 7). Indeed, Defendant Shufflebottom has demonstrated to the Court's satisfaction the lack of a triable issue of material fact as to Defendant Shufflebottom's personal involvement in the search of Melendez's residence, thereby entitling him to summary judgment as a matter of law.

Accordingly, as Defendant Shufflebottom has met his burden of production with respect to establishing his lack of personal involvement in the search of Melendez's home, thereby foreclosing the alleged Fourth Amendment claim brought by Melendez in his amended complaint, it is respectfully recommended that Defendant Shufflebottom's motion to dismiss, or in the alternative, motion for summary judgment, be granted.

C.  *Sua Sponte* Dismissal of John Doe Defendants

As a final matter, it is recommended that John Doe Defendants be dismissed under the Federal Rules of Civil Procedure 21 and 4(m). Rule 21 provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009). Further, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *Gerber v. Various Other Prison Officials*, No. 1:06CV01358, 2007 WL 1847582, at *1 (M.D. Pa. June 25, 2007). The "[u]se of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified." *Blakeslee*, 336 F. App'x at 250; *see also Klingler v. Yamaha Motor Corp., U.S.A.*, 738 F. Supp. 898, 910 (E.D. Pa. 1990). However, if reasonable discovery does not unveil the proper identities, the john doe defendants must be dismissed. *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities."). In the approximate 641 days that have elapsed since Melendez filed his operative amended complaint asserting claims against unnamed John Doe Defendants, Melendez has made no strides in identifying and

serving said Defendants. Accordingly, it is respectfully recommended that John Doe Defendants be dismissed from this instant action pursuant to Rule 4(m).

### IV. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendant Eric C. Shufflebottom's motion to dismiss, or in the alternative, motion for summary judgment (Doc. 45), be **GRANTED**;

2. John Doe Defendants be dismissed from this action in accordance with the requirements imposed by Rule 4(m) of the Federal Rules of Civil Procedure; and

3. This case be **CLOSED**.


**BY THE COURT:**

**Dated: July 8, 2016**                              *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

EDDIE RODRIGUEZ-MELENDEZ,

              Plaintiff,

    v.

DAUPHIN COUNTY DRUG TASK
FORCE, et al.,

              Defendants.

CIVIL ACTION NO. 114-CV-00012

(KANE, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 8, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 8, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**